THOMAS, APPELLANT, v. BOSTON AND MONTANA CON. COPPER AND SILVER MINING COMPANY, RESPONDENT.

(No. 2,286.)

(Submitted June 11, 1906. Decided July 6, 1906.)

*Appeal—Trial—Instructions—Requests—Necessity—Bonds.*

Appeal—Instructions—Request—Necessity.
1. Where appellant neglected to request the trial court to insert certain propositions of law alleged to have been favorable to him, in its instructions to the jury, he may not complain of their omission.

Appeal—Bonds—Jurisdiction.
2. *Obiter*: In the absence of anything in the record to show that an appeal bond had been filed or waived in writing, the supreme court is without jurisdiction to hear the appeal.

ON MOTION FOR REHEARING.

Mines—Master and Servant—Personal Injuries—Instructions.
3. An instruction given in an action for damages for personal injuries claimed to have been sustained by plaintiff, a miner, in falling from an unattached ladder leading into a mine,—which charged the jury that if the injury arose out of the ''obvious and ordinary'' risks and dangers assumed by plaintiff in entering defendant's employ, recovery could not be had,—was proper, even though defendant's answer did not aver that the risks were ordinary ones, but where evidence had been introduced in its behalf, without objection, to support such theory and where the whole case had been tried on this theory of the defense.

Mines—Master and Servant—Personal Injuries—Instructions.
4. An instruction submitted to the jury in a personal injury case that plaintiff, a miner, injured while descending into a mine on an unattached ladder, was bound to ascertain whether the ladder was loose or not, and that ''his duty would not permit him to blindly venture upon it without investigation,'' is not open to the objection that it

virtually made it the duty of the employee to act as an inspector, or investigator of appliances in the mine, since it simply announced that it was his duty to use ordinary care—common sense—to see or feel where and how the ladder was before venturing upon it.

Mines—Master and Servant—Personal Injuries—Ordinary Care—Question for Jury.
5. The question whether a miner, injured while descending into a mine on an unattached ladder, used ordinary care in failing to satisfy himself where and how the ladder was, was one for the jury to determine.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by William Thomas against the Boston and Montana Consolidated Copper and Silver Mining Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

*Mr. John A. Shelton,* for Appellant.

Instruction No. 11 failed to state that the plaintiff had a right to rely upon the assumption that the master had discharged his duty in using reasonable care to provide reasonably safe appliances and a reasonably safe place to work. This omission was not supplied by any other instruction. (*Ambrose* v. *Angus,* 61 Ill. App. 304.) "The defense of assumption of risks or waiver must be specially pleaded if the employer wishes to rely thereon. Being affirmative in its character, it cannot be proved under the general denial." (2 Labatt on Master and Servant, sec. 864. See, also, *Oregon etc. Ry. Co.* v. *Tracy,* 66 Fed. 931, 14 C. C. A. 199; *Mayes* v. *Chicago etc. Ry. Co.,* 63 Iowa, 562, 14 N. W. 340, 19 N. W. 680; *Wells* v. *Burlington etc. R. R. Co.,* 56 Iowa, 520, 9 N. W. 364; *Nicolaus* v. *Chicago etc. Ry. Co.,* 90 Iowa, 85, 57 N. W. 694; *McMullan* v. *Missouri etc. Ry. Co.,* 60 Mo. App. 231; *Mace* v. *Boedker & Co.,* 127 Iowa, 721, 104 N. W. 475.)

Instruction No. 18 in effect told the jury that the plaintiff had no right to assume that the defendant had done its duty in this respect, but that the duty was upon the plaintiff to investigate and to ascertain whether or not such duty had been done; and

that if he failed to so investigate, he could not recover. Such instruction was entirely erroneous.

The plaintiff himself had said that he did not investigate. He did not know that the ladder was loose, because he had never before been in a place where he could observe its condition. It was dark at the place where this ladder was. He could only observe by such light as his candle afforded. The ladder in question was about six feet in length, resting without fastening or blocks upon two pieces of lagging. The top rested loosely against a support.

The plaintiff was directed to descend by this ladder to a place at a greater depth in the mine. He tested the ladder by putting one foot upon the same and allowing a part of his weight to rest upon the ladder; it appeared to be secure, when he brought all of his weight on the ladder and it fell.

While charged with knowledge of patent defects, and with the usual effect of wear upon the machinery, the employee is never charged by his mere duty of using it with the further duty of inspection for latent defects. (*Missouri Pacific Ry. Co.* v. *Crenshaw,* 71 Tex. 340, 9 S. W. 262; *Greenleaf* v. *Dubuque etc. Ry. Co.,* 33 Iowa, 52; *Fordyce* v. *Edwards,* 60 Ark. 438, 30 S. W. 758; *Barnatt* v. *Schlapka,* 208 Ill. 426, 70 N. E. 343; *Rock Island Sash etc. Works* v. *Pohlman,* 210 Ill. 133, 71 N. E. 428.)

*Messrs. Forbis & Evans, Mr. J. L. Wines,* and *Mr. John E. Corette,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

On appeal from an order denying appellant's motion for a new trial and from the judgment. This is a personal injury case. The jury found for the defendant, and judgment was entered accordingly.

There are four specifications of error, to-wit, that the court erred in giving each of four instructions to the jury. We have examined these instructions, and find that they are correct state-

ments of the law. Appellant contends that the court omitted from them certain propositions of law favorable to him. If this be so, the appellant may not complain, as he did not request the court so to charge the jury. The order and judgment must be affirmed.

*Obiter:* There is not anything in the record to show that an appeal bond was made or filed, or waived in writing, and it is doubtful whether we should consider the appeal at all, as without a bond made or filed, or waived as provided by law, "the appeal is ineffectual for any purpose." (Code Civ. Proc., sec. 1724.) This point, however, was not made in the brief.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

## On Motion for Rehearing.

MR. JUSTICE MILBURN delivered the opinion of the court.

The remarks of counsel for appellant as to the filing of an appeal bond need not be considered by us, as reference to the original opinion, *ante,* will show that all that is said therein was *obiter dictum* and expressly stated so to be.

Counsel complains that except as to the matter of the appeal bond "all questions presented by this appeal were * * * overlooked by such decision." The brief of appellant sets out only four specifications of error; that is to say, he declares that the court erred in giving certain instructions, four in number. The opinion shows plainly that we decided the question of the correctness of these instructions.

Instruction No. 11 is as follows: "You are further instructed that in entering into the employment of the defendant, the said William Thomas assumed all the obvious and ordinary risks or dangers incident to and arising out of the said employment, and the character of the work upon which he was engaged; and that if the injury which he received arose out of such obvious

risks and dangers, then the defendant cannot be held liable therefor." "Obvious and ordinary risks" are distinguishable from the obvious and the ordinary risks. The quoted phrase means obvious ordinary risks, and plaintiff should not complain because the court did not go further and say that he assumed also ordinary risks which were not obvious.

It is true that the defendant did not in its answer aver that the risk was an ordinary one, but there was evidence introduced, without objection, to support such theory; and the case having been tried upon this theory of the defense, the instruction was not improper.

Instruction No. 18 is as follows: "The law required William Thomas to use his natural faculties. Whatever he might have seen or discovered, exercising reasonable and ordinary care, he is supposed to have known. If he had an opportunity to ascertain whether the ladder was loose or not, his duty would not permit him to blindly venture upon it, without investigation. He is required to use his ordinary senses in places of danger, such as ascending or descending through openings, and if he failed to do so, and was injured on account thereof, he cannot recover, although the defendant company may have been negligent in not properly securing the ladder."

Counsel finds fault with the sentence "his duty would not permit him to blindly venture upon it without investigation." The appellant was about to go upon an unattached ladder down a dark place in a mine. It seems to us that the sentence was only another way of saying that he ought to have used ordinary care —common sense—to see or feel where the ladder was and how it was. The court was talking about a ladder at a particular place and at a certain moment of time. The instruction cannot properly be said to mean that it is the duty of an employee, in the exercise of ordinary care, to make himself an inspector or investigator of appliances in a mine. It was for the jury to say whether he used ordinary care if he failed, under the circumstances named, to satisfy himself where the ladder was.

We do not think that any of the instructions contained error prejudicial to the appellant under the peculiar circumstances of this case.   The motion is denied.

*Denied.*

MR. ASSOCIATE JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY: I concur in the result, but do not desire to be understood as approving instruction 18 as proper to be given in any case.   Under the circumstances of this case I do not think it prejudicial.